UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. MANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02254-SEB-DLP |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, et al., | ) ) ) | |
| Defendants. | ) | |

**ENTRY DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for resolution of Plaintiff James Manley's motion for leave to proceed *in forma pauperis* and of several issues related to his complaint.

### I. Motion for Leave to Proceed In Forma Pauperis

Mr. Manley is a prisoner confined at the New Castle Correctional Facility (NCCF). Mr. Manley has moved for leave to proceed *in forma pauperis*. However, a court may not grant a prisoner leave to proceed *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Manley has accumulated at least three "strikes" for purposes of § 1915(g) and therefore may not proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury."

In *Evans v. Illinois Department of Corrections,* 150 F.3d 810 (7th Cir. 1998), it was noted that a prisoner-litigant in these circumstances is entitled to know the cases the Court relies on when making the three-strikes determination. The Court has relied on the following cases in finding that Mr. Manley has accumulated at least three strikes:

- *Manley v. State of Indiana*, No. 3:00-cv-00022-RLM (N.D. Ind. May 25, 2000) (dismissing case for failure to state a claim)

- *Manley v. Monroe Cnty. Prosecutor*, No. 1:14-cv-00097-JMS-DKL (S.D. Ind. Feb. 11, 2014) ("Manley's complaint is dismissed as a matter of law for failure to state a claim upon which relief can be granted.")

- *Manley v. Miller*, No. 1:16-3307-cv-03307-JMS-MPB (S.D. Ind. Mar. 20, 2017) (granting defendant's motion to dismiss for failure to state a claim upon which relief may be granted)

Mr. Manley is now on notice of his three strikes and the fact that 28 U.S.C. § 1915(g) applies to him. If Mr. Manley seeks again to proceed *in forma pauperis* in circumstances under which he is not facing "imminent danger of serious physical injury," his action will be immediately terminated pursuant to *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999).

As for this action, Mr. Manley's motion for leave to proceed *in forma pauperis*, dkt. [4], is **denied**. The Court will direct further proceedings regarding payment of the filing fee in Part III of this Order.

## II. Dismissal of Complaint

Mr. Manley's complaint is 69 pages long. It names 50 defendants, including healthcare providers, prison administrators, correctional officers, laundry and mailroom employees, and other prison staff. In those 69 pages, the complaint asserts 32 separately identified claims against the 50 defendants. These 32 claims address a broad array of matters, including:

- disciplinary proceedings Mr. Manley believes were wrongful;

- claims that prison staff failed to protect him from danger;

- his transfer from one facility to another;
- his denial of access to his legal work;
- his denial of proper medical care; and
- the wrongful confiscation of his legal mail.

The Federal Rules of Civil Procedure require that claims and defendants sued in one action bear some relationship to one another. When a suit proceeds with one or more claims against properly joined defendants, a party may join "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). But defendants may be joined in a single lawsuit only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

Mr. Manley's 32 claims fail to raise a question of law or fact that is common to all 50 defendants.

Federal Rule of Civil Procedure 21 makes clear that "[m]isjoinder of parties is not a ground for dismissing an action." Nevertheless, it is clear that not all the claims set forth in the complaint may proceed in this action, and the Court will not determine which of Mr. Manley's 32 claims shall proceed.

Therefore, Mr. Manley's complaint, dkt [1], is **dismissed**. However, as discussed in Part III below, the Court will provide Mr. Manley with an opportunity to file an amended complaint that only presents claims against defendants that may be properly joined under Rule 20. Mr. Manley must also take note that any amended complaint he files must comply with Rule 8(a)'s requirement that the complaint contain only "a short and plain statement" of the basis for the

Court's jurisdiction, the claims showing the plaintiff's entitlement to relief, and the demand sought.

### III. Conclusion and Further Proceedings

Mr. Manley's motion for leave to proceed *in forma pauperis*, dkt. [4], is **denied**. Mr. Manley shall have **through October 10, 2018**, to either pay the $400 filing fee for this action or file a renewed motion for leave to proceed *in forma pauperis* demonstrating why he is under imminent risk of serious injury.

Mr. Manley's complaint, dkt. [1], is **dismissed**. Mr. Manley shall have **through October 10, 2018**, to file an amended complaint that asserts claims only against properly joined defendants as discussed in Part II of this Order. The amended complaint must include the case number assigned to this action and must comply with Federal Rule of Civil Procedure's "short and plain statement" requirement. Mr. Manley's failure to file an amended complaint as directed in this Order will result in the dismissal of this action without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 9/12/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES E. MANLEY
900778
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362